# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Vidal Licea Morales, | File Nos. 24-CV-03121 (JMB/TNL) |
| Petitioner, | 24-CV-03366 (JMB/TNL) |
| v. | |
| Jared Rardin, | **ORDER** |
| Respondent. | |

This matter is before the Court on Petitioner Vidal Licea Morales's motions for temporary restraining orders in two habeas actions. *See Morales v. Rardin*, No. 24-CV-03121 (JMB/TNL), Doc. No. 28; *Morales v. Rardin*, No. 24-CV-3366 (JMB/TNL), Doc No. 26. For the reasons discussed below, the Court denies the motions.

## BACKGROUND

Morales is a prisoner who is currently detained at the Federal Medical Center in Rochester, Minnesota. In August 2024, Morales filed petitions for a writ of habeas corpus, in which he challenges the legality of separate prison disciplinary proceedings that resulted, collectively, in the loss of about eight months of good time credits. Morales raises numerous claims in the petitions, including that (1) the Federal Bureau of Prisons ("BOP") violated his due process rights and right against self-incrimination; (2) the BOP failed to follow its own program statements regarding disciplinary procedures; (3) the hearing officer who presided over the disciplinary proceeding was unconstitutionally appointed;

1

and (4) Congress did not delegate the authority to the BOP to enact rules disciplining prisoners. The Court reviewed the petitions and ordered the Government to respond.

On December 12, 2024, the Government moved to dismiss both petitions on grounds that intervening events have rendered Morales's claims moot; specifically, the disciplinary proceedings had been vacated and Morales's good time credits had been restored, at least temporarily. The BOP intends to conduct new disciplinary proceedings that, in its view, would alleviate the concerns raised in the habeas petitions. The following day, Morales filed motions for a temporary restraining order ("TRO") in each case. Morales acknowledges in his motions that the BOP has, in fact, vacated the prior disciplinary proceedings and the loss of good time credit that resulted from those proceedings.

## ANALYSIS

The Court now considers the merits of Morales's motions for temporary restraining orders. In his motions, Morales insists that having to go through with the disciplinary proceedings would violate his constitutional rights just as it did the first time, and he requests that the Court immediately halt the contemplated new proceedings.

A TRO is an extraordinary remedy, and the movant bears the burden of establish that the issuance of a TRO is appropriate. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). The Court considers four factors in determining whether a TRO should issue: (1) the threat of irreparable harm to Morales if a restraining order did not issue, (2) the balance between that harm and the harm that the relief may cause the Government, (3) the probability of success on the merits of Morales's underlying claims, and (4) the

public interest. *See Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). The burden of establishing every factor belongs to the movant—here, Morales. *E.g.*, *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

The two most critical factors are the first two—threat of irreparable harm and probability of success on the merits. *Chicago Stadium Corp. v. Scallen*, 530 F.2d 204, 206 (8th Cir. 1976). Morales fails to establish either.

### A.   Probability of Success on the Merits

Morales argues that the BOP's disciplinary hearings are beyond the scope of its authority. This argument is foreclosed by clear federal law, which expressly grants the BOP authority to establish disciplinary rules and to withhold good time credits from prisoners found to have violated those rules. *See* 28 U.S.C. § 3624(b)(1). Thus, Morales has not established any probability of success on the merits of his claims.

### B.   Irreparable Harm

Even after restoration of his good time credits,[1] Morales is not scheduled to be released from BOP custody until 2035. Morales makes no argument why, given this release date, the Court should consider the extraordinary and immediate remedy of a TRO.

Thus, the two most weighty *Dataphase* factors—threat of irreparable harm and likelihood of success on the merits—weigh strongly and resolutely against granting the

---

[1] Nothing other than the loss of good time credits would be justiciable in this habeas proceeding. *See Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (noting that "[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." (quotation omitted)).

3

requested injunctive relief in these cases. Therefore, the Court denies the motions without needing to address the two other *Dataphase* factors.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The motion of petitioner Vidal Licea Morales for a temporary restraining order in Case No. 24-CV-3121 (JMB/TNL) (Doc. No. 28) is DENIED.

2. Morales's motion for a temporary restraining order in Case No. 24-CV-3366 (JMB/TNL) (Doc. No. 26) is DENIED.

Dated:  December 26, 2024                               /s/ *Jeffrey M. Bryan*
                                                          Judge Jeffrey M. Bryan
                                                          United States District Court